28389.   RICHARDS *v.* THE STATE.

Decided October 2, 1940.

*C. G. Battle, W. Paul Carpenter,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

BROYLES, C. J.   Robert Richards was convicted in the criminal court of Fulton County of the offense of misdemeanor on an accusation which charged that said Richards, in Fulton County, Georgia, "on the 12th day of May, 1939, did unreasonably obstruct and impede the right of travel of the operator of a motor vehicle while operating an automobile on Mills Street, a public highway of said State and County, by attempting to block, driving and placing the motor vehicle he was operating in the way of another automobile being operated upon aforesaid public highway by J. B. Bishop Jr., an officer of the City of Atlanta, whose automobile was trying to stop another automobile being operated by Emmitt Barfield, alias Emmitt Anderson Barfield, on said highway, contrary to the laws of said State, the peace, good order, and dignity thereof."

The evidence showed that said Bishop was a policeman of the City of Atlanta, and that he was driving a "police car" in pursuit of another automobile containing whisky and which was being operated by said Barfield, and that the accused drove his car backward and into the pathway of the police car, and that the driver of the police car, by "snaking" the car, managed to get by the defendant's car and to continue the pursuit of the whisky car. Policeman Sykes was in the car driven by policeman Bishop, and Sykes positively identified the defendant as the operator of the car that was backed into the pathway of the police car.  Sykes further testified that several days later the accused came to his (Sykes') home and said to him: "To tell you the truth, I have just had so much hard luck lately I was just trying to save my load of liquor."  The jury were authorized to infer from that incriminating admission that the accused was referring to his act in driving his car into the pathway of the police car, that the liquor in the whisky car was his liquor, and that he intentionally drove his car into the pathway of the police car with the purpose to obstruct and impede the police car in its pursuit of the whisky car.

It is contended by counsel for the defendant that the police car was not impeded, since it got by the defendant's car and continued in the pursuit of the whisky car.  We can not agree with this con-

tention. "Impede" does not necessarily mean to "stop." It may mean to hinder, to retard, to delay, or to hamper. Of course, whether the accused drove his car into the pathway of the police car *with the intent* to impede it was a question for the jury. And the jury evidently resolved that question in favor of the State. The accusation was not attacked by demurrer; and the evidence amply authorized the verdict. It follows that the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed.  MacIntyre and Gardner, JJ., concur.*